No. 1156     December 31, 2025     323

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of T. L. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

Z. M. W,
*Appellant.*

Polk County Circuit Court
24JU06237; A187001

Cheryl A. Pellegrini, Senior Judge.

Submitted October 30, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this juvenile dependency case, mother appeals from a judgment asserting dependency jurisdiction over one of her children, T, who was four years old at the time of the jurisdictional trial. In her first two assignments of error, mother challenges the juvenile court's ruling allowing the Oregon Department of Human Services (ODHS) to amend the petition after the close of evidence to include two new allegations. In assignments of error three through six, mother challenges each individual basis on which the juvenile court asserted dependency jurisdiction over T, as well as the ultimate ruling to assert dependency jurisdiction. We affirm.

*Amendment of the petition.* The initial petition alleged two jurisdictional bases related to mother:

> "[4A.]  The mother's mental health problems interfere with her ability to safely parent the child and [place] the child at risk of harm.

> "[4B.]  The mother physically abused the child's sibling, which places the child at risk of harm."[1]

At the conclusion of the evidentiary portion of the trial, ODHS orally sought to amend the petition to add allegations that "[4F.] mother has subjected the child and the child's siblings to inappropriate discipline, which places this child at risk of harm" and that "[4E.] mother has engaged in volatile and physically aggressive behavior in the presence of this child, which places her at risk of harm." Mother objected to a lack of opportunity and notice to prepare for those specific allegations and child did not object, observing that "this is relatively close to what was originally plead." The juvenile court noted mother's objection, and the parties proceeded to closing arguments. Ultimately, the juvenile court found that ODHS had not met its burden of proving allegation 4A regarding mother's mental health, but concluded that the rest of the allegations relating to mother, including the amended allegations—4E and 4F—were proved.

---

[1] Two additional allegations related only to father, who is not a party to this appeal. Father admitted the allegation that he is incarcerated and unavailable to be a custodial resource (4C) and the juvenile court dismissed the allegation that father is unable to protect the child from the risk posed by mother (4D).

Accordingly, the court asserted jurisdiction over T.[2] This timely appeal follows.

On appeal, mother argues in her first two assignments of error that the juvenile court erred in allowing ODHS to amend the petition after the close of evidence without providing her with adequate notice or opportunity to prepare a defense against the new allegations. We conclude that the court did not err.

ORS 419B.809(6) provides that the juvenile court, "on motion of an interested party or on its own motion, may at any time direct that the petition be amended. If the amendment results in a substantial departure from the facts originally alleged, the court shall grant such continuance as the interests of justice may require." *See also* ORS 419B.872(2) (providing the juvenile court with the same authority). We conclude that the amended bases do not constitute a "substantial departure" from the facts originally alleged, and therefore the court did not err in allowing the amendment without granting a continuance.[3]

The family initially came to ODHS's attention on this matter in August 2024 based on allegations that mother had strangled her older child, B, who is not a party to this appeal. Over the following months, ODHS and the police attempted to investigate that incident, and ODHS also became aware of allegations that mother had used physical discipline or had been assaultive of her other three children, including T. The Protective Custody Report that provided the basis for removing T from mother's care documented an ODHS caseworker's conversation with mother about the allegations of mother becoming physical not just with B, but

---

[2] In an amended judgment issued to correct the dispositional orders, a box was checked indicating that allegation 4A was proved, even though the court stated on the record that it was not. The parties' briefs note that they agree that that notation was made in error and that a motion to correct the judgment is pending before the juvenile court to omit that basis. As of the date of this decision, however, we have not been informed of any further amended judgment.

[3] We note that, apart from objecting to the lack of notice and opportunity to prepare for the amended allegations, mother did not actually request a continuance or make any argument as to why the amendments constituted a substantial departure from the original facts. However, because we affirm on the merits, we assume without deciding that mother's general objection was sufficient to preserve the argument advanced on appeal.

with all of her children, which mother denied. Mother's pretrial memorandum addressed the allegations made by B and another of mother's daughters, Z, and argued that both children were unreliable reporters when it came to concerns for T's wellbeing. Mother was therefore on notice of the alleged facts that constituted the basis for the amended allegations, and indeed offered arguments for why they were untrue or did not warrant jurisdiction over T. Thus, because we conclude that the amended bases do not constitute a "substantial departure" from the facts originally alleged, the juvenile court did not err in allowing the amendments.

*Jurisdictional bases.* In her third through sixth assignments of error, mother asserts that ODHS failed to prove that mother's conduct exposed T to a cognizable risk of harm on any of the three sustained bases, and therefore the juvenile court erred in taking jurisdiction over T. Because mother challenges the sufficiency of the evidence, the question before us is purely legal. In reviewing mother's challenge, we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the court's disposition and assess whether, when so viewed, the record was legally sufficient to permit the outcome. *Dept. of Human Services v. T. L. H. S.*, 292 Or App 708, 709, 425 P3d 775 (2018).

The juvenile court is authorized to assert dependency jurisdiction over a child when the child's condition and circumstances expose the child to a current threat of serious loss or injury that will likely be realized. ORS 419B.100(1)(c); *Dept. of Human Services v. A. L.*, 268 Or App 391, 397-98, 342 P3d 174 (2015). The petitioner, in this case ODHS, bears the burden of proof. *Id.* That burden includes demonstrating a nexus between the child's allegedly risk-causing conditions and circumstances, and a threat of harm to the child of the type, degree, and duration as to justify juvenile court intervention into the constitutionally protected family sphere. *Dept. of Human Services v. S. D. I.*, 259 Or App 116, 121, 312 P3d 608 (2013). Proof of harm or risk at some point in the past is insufficient; the threat must be current at the time of trial. *State v. S. T. S.*, 236 Or App 646, 654, 238 P3d 53 (2010). Nor can the risk be speculative; there must be a

reasonable probability that the risk will be realized. *Dept. of Human Services v. J. H.*, 292 Or App 733, 738, 425 P3d 791 (2018).

In this case, as relevant to mother, the juvenile court asserted dependency jurisdiction over T based on mother's physical abuse of B (4B), mother's volatile and physically aggressive behavior in the presence of T (4E), and mother subjecting T and T's siblings to inappropriate discipline (4F). Mother argues that the court erred in doing so because the evidence was legally insufficient to establish that those conditions and circumstances existed or that they exposed T to a current and nonspeculative threat of serious loss or injury at the time of the jurisdictional trial. Specifically, mother argues that ODHS failed to present any evidence that T witnessed any of the physical discipline allegedly used against T's siblings, or of the specific harm or threat of harm that resulted from T being exposed to any of mother's behaviors toward T or T's siblings. Although mother acknowledges the potential for harm to one child from witnessing harm being inflicted on a sibling, mother asserts that ODHS failed to adduce any evidence of such an impact, either generally or specifically within this family.

Having reviewed the evidentiary record, we conclude that the evidence was legally sufficient to support the assertion of dependency jurisdiction. Viewing the record in the light most favorable to the court's disposition, there was evidence to support each jurisdictional basis. Two of mother's children and two former partners testified about mother's violent and aggressive behavior in the children's presence, and toward the children themselves. There was testimony, including from mother, regarding T's autism diagnosis and her specific need for calm and mellow direction, supporting the court's finding that T was a particularly vulnerable child due to her heightened sensitivities and required a different style of parenting. The juvenile court made an explicit finding that mother was not credible when she denied using physical discipline on the children. Accordingly, we reject mother's arguments and affirm the juvenile court's determinations.

Affirmed.